UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
KAREN C. HAN,                          :
                                       :
                    Plaintiff,         :
                                       :
     -against-                         :     MEMORANDUM DECISION
                                       :     AND ORDER
FINANCIAL SUPERVISORY SERVICE, *a South* :
*Korean Corporation without capital*,  :     17 Civ. 4383 (GBD) (BCM)
                                       :
                    Defendant.         :
                                       :
------------------------------------- x

GEORGE B. DANIELS, United States District Judge:

Plaintiff Karen C. Han brought this action against Defendant Financial Supervisory Service ("FSS"), seeking a declaratory judgment declaring that FSS is not entitled to sovereign immunity and that it will be obligated to provide testimony or produce documents[s] in its possession as requested by Plaintiff if and when she serves a subpoena upon FSS. (Compl., ECF No. 1, at 28–29.) FSS moved to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Def.'s Mot. to Dismiss ("Mot."), ECF No. 13.) FSS also moved to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). (*Id.*)

This matter was referred to Magistrate Judge Barbara Moses. (ECF No. 21.) Before this Court is Magistrate Judge Moses's Report and Recommendation ("Report," ECF No. 30), recommending that this Court grant Defendant's motion to dismiss for lack of subject matter jurisdiction. (Report at 1.)

In her Report, Magistrate Judge Moses advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 14); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Plaintiff filed a timely objection to the Report

(Pl.'s Obj. to Report ("Pl.'s Obj."), ECF No. 35), and Defendant filed a response to Plaintiff's objection. (Def.'s Resp. to Pl.'s Obj. ("Def.'s Resp."), ECF No. 36.)[1] This Court overrules Plaintiff's objection and fully adopts Magistrate Judge Moses's recommendation. Defendant's motion to dismiss for lack of subject matter jurisdiction is GRANTED. Given that this Court lacks jurisdiction to adjudicate the merits of this action, FSS's Rule 12(b)(6) motion is moot.[2]

## I. LEGAL STANDARD

A district court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. *See* 28 U.S.C. § 636(b)(1)(C). When no objections to the Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

When there are objections to the Report, this Court must make a *de novo* determination as to the objected-to portions of the Report. 28 U.S.C. § 636(b)(1)(C); *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). It is sufficient that this Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (internal citation omitted); *see United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). However, where a litigant's objections are conclusory,

---

[1] Plaintiff filed a reply in further support for her objection to the Report. (ECF. No. 37.) FSS asked this Court to strike Plaintiff's reply, arguing that Rule 72 of the Federal Rules of Civil Procedure makes no provision for "reply" papers. (ECF No. 38.) This Court declines to strike the reply, but nonetheless finds that Plaintiff fails to establish subject matter jurisdiction.

[2] "A court faced with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits and, therefore, an exercise of jurisdiction." *Magee v. Nassau County Med. Ctr.*, 27 F. Supp. 2d 154, 158 (E.D.N.Y. 1998) (citing *Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990)).

repetitious, or perfunctory, the standard of review is clear error. *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547–48 (S.D.N.Y. 2009).

## II. THIS COURT LACKS SUBJECT-MATTER JURISDICTION

The Report properly recommended that this action be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). The gravamen of Plaintiff's objection is that the Report's recommendation leaves the main issue in Plaintiff's complaint unresolved—whether Plaintiff is entitled to a judgment declaring that FSS is not covered by the doctrine of sovereign immunity. (Pl.'s Obj. at 5.) Plaintiff argues that the Report's recommendation only relates to the second declaration Plaintiff seeks in this action concerning FSS's obligations to respond to a future subpoena. (*Id.* at 4–5.) Plaintiff is mistaken.

Magistrate Judge Moses recommended dismissal because Plaintiff "improperly seeks an advisory opinion as to an unripe discovery dispute that will arise, if at all, in a case pending against another defendant in another forum." (Report at 1.) That conclusion has everything to do with Plaintiff's sovereign immunity issue. This case arose due to Plaintiff's failed attempt to subpoena FSS in 2005. (*Id.* at 3.) In 2002, Plaintiff filed an action against Hankook Tire Co., Ltd. ("Hankook") and Ocean Capital Investment (L) Limited ("Ocean") due to a transaction that exposed Plaintiff to potential criminal liability for violating South Korean money laundering laws. (*Id.* at 2.) In furtherance of that action, Plaintiff served FSS with a subpoena seeking testimony and documents concerning an investigation FSS conducted into Hankook's offshore operations and the legality of Ocean's transactions. (*Id.* at 3.) The FSS investigation resulted in the imposition of sanctions on Hankook and Hankook's Chairman for violating South Korean law. (*Id.* at 2.) FSS moved to quash that subpoena arguing, *inter alia*, that as a South Korean regulatory agency, FSS is entitled to sovereign immunity. (*Id.* at 3.) Although the Honorable Judge Harold

3

Baer denied the FSS motion to quash, he later denied Plaintiff's motion to hold FSS in contempt for failing to comply with the subpoena, finding that FSS could not comply without violating South Korean confidentiality laws. (*Id.*) On appeal, the Second Circuit affirmed on alternate grounds finding that "FSS is entitled to sovereign immunity" because it is "an agency or instrumentality of a foreign state." (*Id.* (internal citation omitted).) Plaintiff's case was ultimately dismissed for lack of subject matter jurisdiction. (*Id.* at 4.)

In 2009, the South Korean Ministry of Finance and Economy ("MOFAE") "announced its decision to release FSS from the designation of 'public institution' to secure autonomy and independence of FSS and financial institutions from the government." (*Id.* (internal citation omitted).) Eight and a half years later, Plaintiff filed this action against FSS, seeking declaratory judgment and contending that she needed discovery from FSS "in order to resume [her] breach of contract action against Hankook and [its Chairman]." (*Id.* at 4–5.)

It is with this background in mind that Magistrate Judge Moses properly found that Plaintiff has "put the cart before the horse" in requesting declaratory relief. (*Id.* at 10.) The Report correctly noted that Plaintiff does not need a ruling from this Court on "whether FSS may use the doctrine of foreign sovereign immunity to shield itself from her as-yet unissued and unserved subpoena until such time as that subpoena is issued by the Northern District of Ohio, served in New York, and resisted by FSS on sovereign immunity grounds." (*Id.* at 11–12.) After all, "[n]one of these things has occurred and none may ever occur." (*Id.* at 12.) Thus, Magistrate Judge Moses made her recommendation to dismiss this action for lack of subject matter jurisdiction because Plaintiff seeks an improper advisory opinion as to both the subpoena issue and FSS' entitlement to sovereign immunity. Both determinations go hand in hand.

4

Federal Courts lack the power to adjudicate declaratory judgment actions when there is no "live controversy" between the parties. *Amalgamated Clothing & Textile Workers Union v. J. P. Stevens & Co.*, 638 F.2d 7, 8 (2d Cir. 1980) ("Since such a ruling would not advance toward . . . the resolution of any live controversy between the parties as to the plaintiff's entitlement to relief, the ruling would be an advisory opinion beyond the competence of an Article III court."). Federal Courts are precluded "from entertaining claims based on 'contingent future events' that may not occur as anticipated or at all." *City of New Rochelle v. Town of Mamaroneck*, 111 F. Supp. 2d 353, 359–60 (S.D.N.Y. 2000) (quoting *Thomas v. City of New York*, 143 F.3d 31, 34 (2d Cir. 1998)). Thus, if the question to which the plaintiff seeks a declaration is "abstract, hypothetical, or contingent," the district court must dismiss the claim for lack of subject matter jurisdiction. *Id.* (citing *Alabama State Fed. of Labor v. McAdory*, 325 U.S. 450, 461 (1945)); *see also Davis v. New York State Bd. of Elections*, 689 F. Appx. 665, 669 (2d. Cir. May 3, 2017).

In filing this action, Plaintiff prematurely asks this Court to make a determination about unripe issues. As the Report correctly noted, Plaintiff must clear a number of hurdles before the foreign sovereign immunity question posed by her putative declaratory judgment action can cross the line from an abstract question to an actual controversy. (*See* Report at 10.) First, Plaintiff's claims must survive defendants' inevitable motions to dismiss in her Ohio lawsuit to have the Northern District of Ohio issue a subpoena against FSS. (*Id.* at 11.) Second, Plaintiff may be unable to serve FSS with such a subpoena in New York unless FSS maintains an office in New York. (*Id.*) Finally, foreign sovereign immunity may not be the only impediment for Plaintiff if FSS once again successfully relies upon other arguments to resist a subpoena. (*Id.*) For example, as Judge Baer previously determined, the confidentiality provisions of South Korean law could provide FSS with sufficient grounds to resist Plaintiff's subpoena. (*See id.* at 3.) Plaintiff has not,

5

and may never, clear all of these hurdles. Accordingly, Plaintiff's declaratory judgment action is dismissed.

### III. CONCLUSION

Plaintiff's objections are overruled and this Court adopts the Report in full. Defendant's motion to dismiss is GRANTED.

The Clerk of the Court is directed to close the motion at ECF No. 13 and this action.

Dated: New York, New York
February 8, 2018

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge